**RECORD NUMBER: 14-4085(L)**

# United States Court of Appeals
*for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**JOHN ANTONIO LYONS, JR.,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

# OPENING BRIEF OF APPELLANT

**WALTER C. HOLTON, JR.**
**HOLTON LAW FIRM, PLLC**
**301 North Main Street**
**Suite 804**
**Winston –Salem, NC  27101**
**(336) 777-3480**
wholton@walterholton.com

*Counsel for Appellant*

COUNSEL PRESS ● VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
    JURISDICTION ................................................................................................1

ISSUE PRESENTED FOR REVIEW ...................................................................1

STATEMENT OF THE CASE ..............................................................................1

    Statement of the Facts ......................................................................................2

SUMMARY OF ARGUMENT ..............................................................................3

ARGUMENT...........................................................................................................3

    Standard of Review..........................................................................................3

    Discussion .........................................................................................................3

CONCLUSION .......................................................................................................7

REQUEST FOR ORAL ARGUMENT .................................................................7

CERTIFICATE OF COMPLIANCE....................................................................9

CERTIFICATE OF SERVICE............................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

Gall v. United States,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ....................... 3

United States v. Eubanks,
    593 F.3d 645 (7th Cir. 2010) ................................................................ 6

United States v. Osborne,
    514 F.3d 377 (4th Cir. 2008) ................................................................ 5

United States v. Whatley,
    719 F.3d 1206 (11th Cir. 2013) ............................................................ 6

United States. v. Green,
    436 F.3d 449 (2006) ............................................................................. 7

**Rules Statutes and Other Authorities**

18 U.S.C. §924(c)(1)(A)(ii) ....................................................................... 1, 2

18 U.S.C. §1951(a) .................................................................................... 1, 3

18 U.S.C. §3231 ............................................................................................. 1

28 U.S.C. §1291 ............................................................................................. 1

U.S.S.G. §1B1.1 ............................................................................................. 4

U.S.S.G. §2B3.1(b)(2)(C) .......................................................................... 5, 7

U.S.S.G. §2B3.1(b)(4)(A) ................................................................... 1, 3, 4, 7

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

John Antonio Lyons, Jr. is appealing his sentence for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. §1951(a) and his sentence for brandishing a firearm during a crime of violence under 18 U.S.C. §924(c)(1)(A)(ii). Jurisdiction in the district court was based on 18 U.S.C. §3231. Jurisdiction in the Fourth Circuit Court of Appeals is based on 28 U.S.C. §1291. The district court entered final judgment against Mr. Lyons on December 5, 2013. Mr. Lyons entered timely notice of appeal on December 16, 2013.

## ISSUE PRESENTED FOR REVIEW

Whether the district court erred by enhancing the sentence for Mr. Lyons under the abduction provisions of U.S.S.G. §2B3.1(b)(4)(A).

## STATEMENT OF THE CASE

On July 30, 2013, a grand jury for the Middle District of North Carolina issued a superseding indictment charging the appellant and two co-defendants with 12 counts of interfering with commerce by robbery in violation of 18 U.S.C. §1951(a), 12 counts of brandishing a firearm during a crime of violence under 18 U.S.C. §924(c)(1)(A)(ii), and one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. §1951(a). (JA Vol. 1, p. 12).

On September 3, 2013, the appellant entered a guilty plea pursuant to a plea agreement, wherein the appellant pled guilty to the conspiracy count and one count of brandishing a firearm under 18 U.S.C. §924(c)(1)(A)(ii).  (JA Vol. 1, p. 41).

On November 29, 2012, the district court sentenced the defendant to a mandatory minimum sentence of 84 months imprisonment on the firearm count and to a consecutive sentence of 126 months imprisonment on the conspiracy count.  Pursuant to the plea agreement, the court dismissed the remaining counts of the Superseding Indictment.  (JA Vol. 1,  p. 111).  The court entered Judgment on December 5, 2013.  (JA Vol. 1,  p. 111).  The appellant filed timely notice of appeal on December 16, 2013.  (JA Vol. 1,  p. 117).

*Statement Of The Facts*

The appellant submits the facts contained in the Presentence Investigation Report as considered by the trial court in sentencing the appellant.  (JA Vol. 2,  p. 119).  In particular, the sentencing court considered the facts stated in paragraph 26 which states, "On December 11, 2012, officers with the DPD responded to an armed robbery at the Domino's Pizza located at 3001 Holloway Street, Durham, NC.  The victims reported they had locked up for the night and were leaving when two black males (later determined to be Bernic Alston-Currie and John Lyons, Jr.) forced the victims back into the store at gunpoint.  Bernic Alston-Currie and John Lyons, Jr. both wore masks. Bernic Alston-Currie carried a shotgun, and John

Lyons, Jr. carried a black revolver and a black duffle bag. The robbers took the store deposit bag containing $914 from V1 and $60 in cash from V2. As the robbers were escorting the victims to the store safe, the store alarm went off, and both Bernic Alston-Currie and John Lyons, Jr**.** fled the store." (JA Vol. 2, p. 126).

## SUMMARY OF ARGUMENT

The appellant contends that the district court erred by enhancing the appellant's guideline calculation and resulting sentence for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. §1951(a). The court erred by finding that the appellant "abducted" the victims under U.S.S.G. §2B3.1(b)(4)(A), thereby adding a 4 point increase to the guideline calculation.

## ARGUMENT

### *Standard of Review*

A district court's sentence of a defendant is reviewed for reasonableness, applying the abuse of discretion standard**.** Gall v. United States, 552 U.S. 38, 51, [*401] 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

### *Discussion*

The district court erred by finding that appellant's guideline range should be enhanced under the abduction provisions of U.S.S.G. §2B3.1(b)(4)(A). Based in part upon this error, the court then sentenced the defendant to a 126 month term of imprisonment. The court based its finding of abduction on the fact that the two

3

Domino's employees had "locked up for the night and were leaving…" when the appellant and his co-defendant ordered the two employees back into the store at gunpoint to carry out the robbery. (JA Vol. 2, p. 126). The robbery consisted of taking $914.00 from one employee and $60.00 from the other. As the appellant and co-defendant were "escorting" the employees to the store safe, an alarm sounded and the defendants fled. ((JA Vol. 2, p. 126). The factual record does not identify the location of the safe nor the distance to the safe.

U.S.S.G. §2B3.1(b)(4)(A) states, "(A) If any person was abducted to facilitate commission of the offense or to facilitate escape, increase by **4** level; or (B) if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by **2** levels." The Application Note to U.S.S.G. §2B3.1(b)(4)(A) includes the following: "*The guideline provides an enhancement for robberies where a victim was forced to accompany the defendant to another location, or was physically restrained by being tied, bound, or locked up.*" Comment 1(A) to section 1B1.1 defines as follows: "'Abducted' means that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller into a getaway car would constitute abduction." U.S.S.G. §1B1.1 comment n. 1(A).

4

The facts of the present case do not support an enhancement under the abduction theory. The appellant and co-defendant did not bind, lock up or physically restrain the employees, nor did they move the employees to a different location. Rather, they used a gun to coerce the employees into opening the locked door of the store. (JA Vol. 2, p. 126). The guideline calculation in the Presentence Report considered the use of the gun as a factor in paragraph 149 by providing a 5 point enhancement for the brandishing of a firearm under U.S.S.G. §2B3.1(b)(2)(C). To further label the use of the gun as "restraint" or "abduction" would in effect amount to a double enhancement.

In <u>United States v. Osborne,</u> 514 F.3d 377, 389-90 (4th Cir. 2008), the Fourth Circuit applied the abduction enhancement when a defendant forcibly moved pharmacy employees "from a pharmacy section (through its secured door), across the store area (on a winding course through its aisles), to the front door of the Walgreens building." 514 F.3d at 390. The court reasoned that the analysis of whether the enhancement applies requires a "…flexible, case by case approach to determining when a movement 'to a different location' has occurred." <u>Id</u>.

The facts of the present case differ significantly. The robbery here involved the taking of money from the person of the employees. The facts indicate that, during or shortly after the time the appellant and co-defendant instructed the

5

employees to unlock the door to the store, an alarm sounded and the defendants fled. The facts indicate that the appellant and co-defendant escorted the employees an unspecified distance toward the store safe. (JA Vol. 2, p. 126). The facts do not indicate the length of time of the escort, the distance traveled, the location of the safe, nor any other relevant information to support a finding of an abduction to facilitate a robbery or an escape. The district court erred by so finding.

Other circuits have refused to apply the abduction enhancement to factual situations similar to the appellant's case. In United States v. Eubanks, 593 F.3d 645 (7th Cir. 2010), the court reversed the application of the enhancement for movement of the victims to the back room of a store to retrieve surveillance video, while a different defendant dragged an employee several feet from the back room of a store to the front room. Id. at 648, 653. The court wrote that a finding of abduction in such a circumstance would be to "virtually ensure that any movement of a victim from one room to another within the same building, without any other aggravating circumstances, would result in an abduction enhancement." Id. at 654. The Eleventh Circuit ruled similarly in United States v. Whatley, 719 F.3d 1206 (11th Cir. 2013) that movement of employees within a building to facilitate a robbery did not constitute abduction. Id. In these cases, as in the present case, the finding of an abduction enhancement would mean that virtually any use of a firearm during a robbery would qualify as "restraint" or "abduction," despite the

6

fact that U.S.S.G. §2B3.1(b)(2)(C) provides separate enhancements for using or brandishing a firearm.

"A sentence falling outside of the properly calculated Guidelines range is not *ipso facto* unreasonable. But if that sentence is based on an error in construing or applying the Guidelines, it will be found unreasonable and vacated." United States. v. Green, 436 F.3d 449, 457 (2006). In the present case, the district court erred in applying the abduction enhancement to the appellant's conduct. Accordingly, the appellant's sentence is unreasonable and should be vacated.

## CONCLUSION

The trial court erred by enhancing the appellant's guideline range under the abduction provisions of U.S.S.G. §2B3.1(b)(4)(A). The defendant's sentence should be vacated and remanded for resentencing.

## REQUEST FOR ORAL ARGUMENT

The appellant submits that oral argument is necessary to a just resolution of this appeal and will enhance the decision making process.

Respectfully submitted, this the 14th day of August, 2014.

/s/ Walter C. Holton, Jr.
Counsel for Appellant Lyons
NCSB # 12698
Holton Law Firm, PLLC
301 N. Main St, Suite 804
Winston-Salem, NC 27101
(336) 777-3480
(336) 722-3478 – fax
wholton@walterholton.com

8

UNITED STATE COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. <u>14-4085(L)</u>　　　　　　　　　　　　Caption: <u>US v. John Lyons</u>

**CERTIFICATE OF COMPLIANCE UNDER FED. R. APP. P. 32(A)(7)**

1.　　This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

　　<u>X</u>　　Fourteen point, proportionally, serif typeface (such as CG Times or Times NEW Roman).  Do NOT use sans serif typeface such as Arial Or any font which does not have the small horizontal or vertical strokes at the ends of letters).  Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

　　<u>MS Word, Times New Roman, 14 point</u>

2.　　EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, the brief contains (SELECT AND COMPLETE ONE):

　　<u>X</u>　　<u>8</u>　Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

I understand that a material misrepresentation may result in the Court's striking the brief and imposing sanctions.

August 14, 2014　　　　　　　　　　　　　　　　<u>/s/Walter C. Holton, Jr.</u>

9

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

>Kyle Pousson
>Assistant United States Attorney
>PO Box 1858
>Greensboro, NC 27402
>(336) 333-5351
>Kyle.pousson@usdoj.gov


>*/s/* Walter C. Holton, Jr.
>Counsel for appellant Lyons
>NCSB # 12698
>Holton Law Firm, PLLC
>301 N. Main St, Suite 804
>Winston-Salem, NC 27101
>(336) 777-3480
>(336) 722-3478 – fax
>wholton@walterholton.com

10